IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2013 Session

## AMANDA MARIE SYKES v. JOSHUA NEAL SYKES

**Appeal from the Chancery Court for Maury County**
**No.  10504      Stella L.  Hargrove, Chancellor**

---

**No.  M2012-01146-COA-R3-CV - Filed August 28, 2013**

---

PATRICIA J. COTTRELL concurring in part, dissenting in part.

This appeal involves a judgment by the trial court that dismissed two motions filed by Mother.  The first was the Motion to Alter or Amend the trial court's decision denying the Petition to Set Support.  That petition was denied on the basis that no significant variance existed.  The second was Mother's motion for relief pursuant to Tenn. R. Civ. P. 60.02.  That motion was directed to the original decree of divorce and, more specifically, to the original child support established in the parenting plan.

I believe this appeal can be resolved on the basis of the Motion to Alter or Amend. Although the initial pleading herein was titled a Petition to Set Support, it was, in effect, a petition to modify the existing child support order.  Support had, in fact, been set in the original divorce decree, upon agreement of the parties, and the filings clearly indicate that the amount was calculated using a deviation from the presumed amount because the parents shared parenting time equally.  Additionally, the trial court stated in its order that is on appeal that, at the hearing on the Petition to Set Support, "counsel and all parties agreed that the initial child support had previously been set by the Marital Dissolution Agreement at $0." The trial court denied the Petition on the basis that there was no significant variance, which is the test applicable to requests to modify child support.  Tenn. Code Ann. § 36-5-101(g).

Based on all the above, it is clear that the Petition was handled, by agreement, as a petition to modify support.  However, the record does not reflect the evidence and findings necessary to a resolution of such a request.  As the majority opinion explains, the significant variance that must be determined is the difference between the amount of support being paid and the amount due under the guidelines at the present time.  The statute, however, also provides for consideration of any deviation in the existing order.  The regulations governing the setting of child support give specific instructions on how to calculate the variance, including situations where a deviation was made in the earlier order.  *See* Tenn. Comp. R.

and Regs. 1240-02-04-.05(2)(c).

I agree with the majority that there is no indication that the trial court engaged in an examination of, or was presented with, the financial and other information necessary to determine whether a significant variance existed. Accordingly, I agree with the majority that the case should be remanded for a calculation of support. However, I would direct that the court, in conformance with the guidelines, first determine whether a significant variance exists and, if so, what the amount of current support should be.

I disagree with the majority in terms of how far back any modification should be applied. Because the Petition was actually a request to modify support, not to set it, since it had been set in the decree at $0, because the trial court and the parties agreed that it should be considered a petition to modify, and because the trial court ruled by applying the standard applicable to modifications of child support, I would hold that any modification would be effective only back to the date of the petition to modify (Petition to Set Support).

Accordingly, I would determine this appeal on the basis of the Motion to Alter and Amend without resort to Rule 60.02 or examination of the validity of the original support order as set in the divorce decree.

_____
PATRICIA J. COTTRELL, JUDGE

-2-